OPINION AND JOURNAL ENTRY
{¶ 1} On September 27, 2007 appellant Ohio Edison Company filed a notice of appeal directed to a judgment entry of August 29, 2007 which overruled Objections to a Magistrate's Decision, denied a defense motion for a protective order and compelled defendant to provide certain discovery to plaintiffs.
 {¶ 2} For the reasons that follow we are compelled to dismiss this appeal for lack of a final order.
 {¶ 3} Ordinarily, a ruling on a discovery request is not a final appealable order. McHenry v. Gen. Ace. Ins. Co. (1995),104 Ohio App.3d 350, 662 N.E.2d 51.
 {¶ 4} However, with the revision to R.C. 2505.02 in the definition of final orders, there has been a broadending of the definition to include certain types of discovery orders affecting substantial rights and for which no meaninguful appeal would be present at the conclusion of the proceedings. These include the discovery of potential confidential information. Callahan v. Akron Gen. Med. Ctr. 9th Dist., CIV. A. 22387, 2005-Ohio-5103, discovery of trade secrets, Armstrong v.Marusic, 11th Dist. No. 05-21-2004, 2004-Ohio-2594, or the discovery of privileged material, Nester v. Lima Mem. Hosp. (2000),139 Ohio App.3d 883, 200-Ohio-1916.
 {¶ 5} The lynchpin of allowing an immediate appeal of a provisional remedy is meeting the criteria found in R.C. 2505.02(B)(4)(a) and (b):
 {¶ 6} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 7} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." *Page 2 
 {¶ 8} In this case appellee is attempting to discover the amount of money appellant allocated for "vegetation management" for 2004, 2005 and 2006 in the region where appellants resided, along with the name of the financial officer responsible for vegetation management for those years. The Magistrate goes on to say that the information is relevant inasmuch as appellants are endeavoring to clear cut (completely remove) several white pine trees on appellees' property, rather than prune them back as had been past practice.
 {¶ 9} We find no caselaw which would qualify the order appealed as a final order under R.C. 2505.02. Nor do we find the order to be a "final" order as otherwise defined in any section of R.C. 2505.02.
 {¶ 10} Accordingly, this appeal is sua sponte dismissed for lack of a final order.
 {¶ 11} Costs taxed against appellant.
 Donofrio, J., Vukovich, J., DeGenaro, P.J., concurs
 *Page 1