OPINION *Page 2 
{¶ 1} Plaintiff Cubberly Holdings appeals a judgment of the Court of Common Pleas of Delaware County, Ohio which overruled its motion for sanctions, filed against defendant HR Imaging Partners, for allegedly destroying evidence.
 {¶ 2} Before reaching the merits of the appeal, we must address the threshold issue of whether the judgment appealed is a final appealable order. Section 3(B)(2), Article IV of the Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments. For a judgment to be final and appealable it must satisfy R.C. 2505.02 and, if applicable, Civ. R. 54(B). Hitchings v. Weese, 77 Ohio St. 3d 390,1997-Ohio-290, 674 N.E. 2d 688 (Resnick, Justice, concurring), citations deleted. This court has no choice but to sua sponte dismiss an appeal that is not taken from a final appealable order. Whitaker-Merrell v.Geupel Construction Co. (1972), 29 Ohio St. 2d 184.
 {¶ 3} R.C. 2905.02 provides in pertinent part:
 {¶ 4} "(A) As used in this section:
 {¶ 5} (1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 {¶ 6} (2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was denoted as an action at law or a suit in equity.
 {¶ 7} (3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant *Page 3 
to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.
 {¶ 8} (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 9} (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 10} (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 11} (3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 12} (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 13} (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 14} (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.* * *"
 {¶ 15} The statute provides discovery orders involving privileged material are immediately appealable. For example, Armstrong v.Marusic, Lake Appellate No. 2001-L-232, 2004-Ohio-2594, found a party could immediately appeal an order granting in part and denying in part a manufacturer's request for a protective order against discovery of alleged trade secrets. *Page 4 
 {¶ 16} By contrast, the order appealed from here does not determine the discoverability of any information, but deals instead with sanctions for failure to preserve evidence. In Kennedy v. Chalfin (1974),38 Ohio St. 2d 85, 310 N.E. 2d 233, 67 O.O. 2d 90, the Supreme Court held a trial court's denial of a motion for an order awarding a party reasonable expenses incurred as a result of the other party's failure to attend a deposition is an interlocutory order which is not subject to immediate appellate review, but is properly reviewable upon appeal from the final judgment.
 {¶ 17} We find the order appealed from here is not a final appealable order. The appeal is dismissed for lack of jurisdiction.
 Gwin, P.J., Wise, J., and Delaney, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed for lack of jurisdiction. Costs to appellant. *Page 1