NORTHEAST PROFESSIONAL HOME CARE, INC., et al., Appellants,

v.

ADVANTAGE HOME HEALTH SERVICES, INC., et al., Appellees.

[Cite as *Northeast Professional Home Care, Inc. v. Advantage Home Health Servs., Inc.,* 188 Ohio App.3d 704, 2010-Ohio-1640.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2009–CA–00180.

Decided April 12, 2010.

Black, McCuskey, Souers & Arbaugh, L.P.A., Gordon D. Woolbert II, James M. Wherley Jr., and Christian J. Petronelli, for appellants.

The Rufo Law Firm and Gregory Rufo, for appellees.

GWIN, Presiding Judge.

{¶ 1} This appeal arises from a Stark County Court of Common Pleas case involving a noncompetition and confidentiality agreement. On August 13, 2008, Northeast Professional Home Care, Inc. and Northeast Professional Home, Inc. (collectively, the "appellants") instituted the present lawsuit against a former employee, appellee Brian Nam, as well as a start-up competitor he was involved with, appellee Advantage Home Health Services, Inc. and two of that competitor's initial directors. Those directors were Brian Nam's father, appellee Kun Woo Nam, M.D. and Brian Nam's live-in girlfriend, appellee Maria Swisher. The lawsuit alleges various claims, including claims for breach of contract, tortious interference with contact, breach of fiduciary duty, and breach of duty of loyalty.[1]

{¶ 2} Almost from the beginning of the case there have been disputes regarding fact discovery. Many of these disputes have been ruled upon by the trial court.

{¶ 3} A protective order was issued by the trial court on November 19, 2008. The protective order set forth a two-tiered designation system in which documents could be classified as either "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS EYES ONLY." A "CONFIDENTIAL" designation generally provided that the parties could use the information only for purposes of the litigation, and must file the documents under seal with the trial court. A "CONFIDENTIAL–ATTORNEYS EYES ONLY" designation added the requirement that designated documents could be shared only with counsel and experts, not with parties.

---

1. A statement of the facts underlying appellants' causes of action is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in appellants' assignments of error shall be contained therein.

{¶ 4} Paragraph 14 of the protective order concerned the production of documents that appellants allege were misappropriated by appellees. Paragraph 14 established that to the extent that appellants disclose documents that they allege were misappropriated by appellees, those documents must be designated as "CONFIDENTIAL," which would enable appellees themselves to see the documents. Paragraph 14 required the reclassification of those documents appellants claim appellees took in order to start their own competing company.

{¶ 5} After the filing of the protective order, the parties continued the process of exchanging written discovery. On March 2, 2009, appellees filed a motion seeking an order from the trial court that certain specific documents be reclassified from "CONFIDENTIAL—ATTORNEYS EYES ONLY" to "CONFIDENTIAL." Copies of the documents were attached to the motion as "Exhibit A." Appellants filed a written response.

{¶ 6} On May 29, 2009, appellees filed a "Motion for Order," asking that a nonparty, Anthony Vallone, be prohibited from attending depositions in the matter. Various pages of Vallone's deposition testimony supported the motion. The appellant responded in writing under seal on June 5, 2009.

{¶ 7} On June 9, 2009, the trial court ruled that Vallone would not be "permitted to attend the depositions of the Defendants and any of the lay or expert witnesses during the pendency of this action." The trial court's determination was based upon excerpts from Vallone's deposition transcript that were filed with the trial court, statements of counsel made on May 20, 2009, and the motions filed by the parties.

{¶ 8} The second entry at issue was filed on June 15, 2009. In it, the trial court re-designated as "NON–CONFIDENTIAL" documents that had previously been classified by appellants as "CONFIDENTIAL—ATTORNEY'S EYES ONLY."

{¶ 9} On September 25, 2009, the trial court filed its entry correcting its June 15, 2009 order. The trial court corrected the entry by referring to the proper motion.[2] However, the trial court did not change its previous designation of the documents as "NON–CONFIDENTIAL."

{¶ 10} It is from the trial court's June 9, 2009 judgment entry and the trial court's June 15, 2009 judgment entry, as corrected by its September 25, 2009 judgment entry, that appellants have appealed, raising two assignments of error:

---

2. In the September 25, 2009 judgment entry, the trial court mistakenly referred to defendant's motion for an order dated May 29, 2009. The June 15, 2009 judgment entry corrected the previous order to note that the motion to redesignate was filed March 2, 2009.

{¶ 11} "I.   The trial court committed reversible error by prohibiting appellant Northeast Home Care's designated corporate representative from attending depositions.

{¶ 12} "II.   The trial court committed reversible error by redesignating appellants' documents, which had been previously designated by appellants as 'confidential–attorneys eyes only,' as 'nonconfidential.' "

## I & II

{¶ 13} Because appellants' first and second assignments of error each require us to determine whether this court has jurisdiction to review the merits of the specific assignment of error, we shall address the assignments collectively.

{¶ 14} Before reaching the merits of the appeal, we must address the threshold issue of whether the judgment appealed is a final, appealable order. Section 3(B)(2), Article IV of the Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments.   For a judgment to be final and appealable, it must satisfy R.C. 2505.02 and, if applicable, Civ.R. 54(B).   *Hitchings v. Weese* (1997), 77 Ohio St.3d 390, 674 N.E.2d 688 ( Resnick, J., concurring). This court has no choice but to sua sponte dismiss an appeal that is not taken from a final, appealable order.   *Whitaker–Merrell v. Geupel Constr. Co.* (1972), 29 Ohio St.2d 184, 58 O.O.2d 399, 280 N.E.2d 922.

{¶ 15} R.C. 2505.02, which defines a final, appealable order, provides:

{¶ 16} "(A)  As used in this section:

{¶ 17} "(1) 'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

{¶ 18} "(2) 'Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

{¶ 19} "(3) 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.

{¶ 20} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 21} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ 22} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ 23} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶ 24} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 25} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 26} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 27} " * * *"

{¶ 28} Thus, under R.C. 2505.02(B), an order is a final, appealable order if it satisfies each part of a three-part test: (1) the order must either grant or deny relief sought in a certain type of proceeding, which the General Assembly calls a "provisional remedy," (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing the order would not be afforded a meaningful or effective remedy by an appeal following final judgment. *Sinnott v. Aqua–Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, 876 N.E.2d 1217, ¶ 16; *State v. Muncie* (2001), 91 Ohio St.3d 440, 446, 746 N.E.2d 1092.

{¶ 29} To assist appellate courts with the application of the R.C. 2505.02(B)(4) test, the General Assembly defined the term "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence." R.C. 2505.02(A)(3). The examples set forth in this definition merely serve an illustrative purpose, so exclusion from the list does not preclude an appellate court from recognizing an unlisted ancillary proceeding as a provisional remedy. *Muncie*, 91 Ohio St.3d at 448, 746 N.E.2d 1092.

{¶ 30} Ordinarily, a ruling on a discovery request is not a final, appealable order. *Walters v. Enrichment Ctr. of Wishing Well, Inc.* (1997), 78 Ohio St.3d 118, 121, 676 N.E.2d 890. However, if they meet the requirements of R.C. 2505.02(B)(4), they are appealable. Very few discovery proceedings qualify as provisional remedies. *Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353, 852 N.E.2d 1176, ¶ 24. R.C. 2505.02(A)(3) itself names only one—a proceeding that

results in the discovery of privileged matter. *Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763, at ¶ 33.

{¶ 31} However, there has been a broadening of the definition of final orders pursuant to R.C. 2505.02(B) to include certain types of discovery orders affecting substantial rights and for which no meaningful appeal would be present at the conclusion of the proceedings. *Delost v. Ohio Edison Co.*, Mahoning App. No. 07–MA–171, 2007-Ohio-5680, 2007 WL 3087963, at ¶ 4; *Cubberly Holdings, Inc. v. H R Imaging Partners, Inc.*, Delaware App. No. 07–CAE–06–0032, 2008-Ohio-2142, 2008 WL 1932308, ¶ 15.

{¶ 32} In addition to encompassing the discovery of "privileged" matter, the term "provisional remedy" also encompasses "confidential" information such as trade secrets. *Armstrong v. Marusic*, Lake App. No. 2001–L–232, 2004-Ohio-2594, 2004 WL 1144377.

{¶ 33} "Trade secrets" are defined by the Revised Code as "information, including the whole or any portion or phrase of * * * any business information or plans, financial information, or listing of names, addresses, or telephone numbers, that * * * derives independent economic value * * * from not being generally known to * * * persons who can obtain economic value from its disclosure or use[, and] is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." R.C. 1333.61(D).

{¶ 34} Noting the similarity between the discovery of "privileged matter" and the discovery of "confidential matter," appellate courts have held that proceedings resulting in the discovery of "confidential matter" are also provisional remedies. *Armstrong v. Marusic*, ¶ 12; *Gibson–Myers & Assoc. v. Pearce* (Oct. 27, 1999), 9th Dist. No. 19358, 1999 WL 980562. These courts have recognized that an order requiring the disclosure of privileged matter presents the same harm as an order requiring the disclosure of confidential matter. In both cases, injury results from the dissemination of the information itself, which cannot be remedied absent an immediate appeal. *Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763, at ¶ 33.

{¶ 35} Appellants' first assignment of error challenges the trial court's order prohibiting Anthony Vallone, a nonparty to the litigation, from attending depositions. However, with respect to appellants' first assignment of error, we find that appellants have an effective remedy by way of appeal at the conclusion of the case.

{¶ 36} In the regulation of discovery, the trial court has discretionary power, and its decisions will not be overturned absent an abuse of that discretion. *Mauzy v. Kelly Servs., Inc.* (1996), 75 Ohio St.3d 578, 592, 664 N.E.2d 1272; *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 57, 63 O.O.2d 88, 295 N.E.2d

659. Generally, an appellate court reviews a claimed error relating to a discovery matter under an abuse-of-discretion standard. *Lightbody v. Rust* (2000), 137 Ohio App.3d 658, 663, 739 N.E.2d 840; *Trangle v. Rojas,* 150 Ohio App.3d 549, 2002-Ohio-6510, 782 N.E.2d 617.

{¶ 37} There is nothing in the record before us that indicates that the trial court's ruling with respect to Vallone has denied appellants access to any document or piece of information without which their case will be prejudiced in such a way that a later appeal will not afford them a meaningful and effective remedy. Nothing prevents Vallone from attending the trial or from reviewing the transcripts of any deposition testimony. The trial court relied upon Vallone's own admission that he is not a corporate representative for either of the appellants. The trial court further ordered, "Sookie Vallone is permitted to attend as corporate representative." Thus, the rights of the appellants are protected.

{¶ 38} We find no case law that would qualify the order appealed as a final order under R.C. 2505.02. Nor do we find the order to be a final order as otherwise defined in any section of R.C. 2505.02. Moreover, this assignment of error does not involve an order to disclose allegedly privileged material or trade secrets, so that the proverbial bell cannot be unrung. Thus, appellants have not shown that a later appeal will not afford them a meaningful and effective remedy. *Dispatch Printing Co. v. Recovery Ltd. Partnership,* 166 Ohio App.3d 118, 2006-Ohio-1347, 849 N.E.2d 297, ¶ 13; *Briggs v. Mt. Carmel Health Sys.,* Franklin App. No. 07AP–251, 2007-Ohio-5558, 2007 WL 3027081, ¶ 12; *Williams v. Nationwide Mut. Ins. Co.,* Meigs App. No. 05CA15, 2005-Ohio-6798, 2005 WL 3497710, ¶ 8–9.

{¶ 39} Accordingly, we find that the need for an immediate review is substantially outweighed by the general policy disallowing interlocutory appeals. See *Cent. Benefits Mut. Ins. Co. v. State Emp. Comp. Bd.* (1992), 78 Ohio App.3d 172, 174, 604 N.E.2d 198; *Concheck v. Concheck,* Franklin App. No. 07AP–896, 2008-Ohio-2569, 2008 WL 2221970, at ¶ 10.

{¶ 40} For these reasons, we conclude that the June 9, 2009 order upon which appellants have predicated their first assignment of error is not a final, appealable order, and we lack jurisdiction over that order and this assignment of error. Accordingly, the appellants' first assignment of error is dismissed.

■ {¶ 41} In the second assignment of error, appellants argue that the discovery proceedings constitute a provisional remedy because they culminated in an order granting discovery of what they claimed was confidential business information. We find that the trial court's order determines the action as to the provisional remedy, i.e., the order settles the discovery dispute between the

parties. *Bennett v. Martin,* 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763, at ¶ 40; *Armstrong v. Marusic,* 2004-Ohio-2594, 2004 WL 1144377, at ¶ 16.

{¶ 42} In the case at bar, the documents requested by appellees were subject to a protective order filed November 19, 2008. That order provided:

{¶ 43} "The parties shall only designate Materials as 'CONFIDENTIAL—ATTORNEY EYES ONLY' for materials that are (1) proprietary or other business information which could provide another party with a competitive advantage, and (2) attorney-client work product information.

{¶ 44} " * * *

{¶ 45} "14. **Process for Converting a Party's Designation by Stipulation.** Following production of Materials designated 'CONFIDENTIAL—ATTORNEYS EYES ONLY' under paragraph 3, Plaintiffs' counsel shall identify those documents that Plaintiffs claim are confidential and proprietary and that Plaintiffs claim were misappropriated·by any Defendant as alleged in the Complaint. With respect to those documents that have been identified by Plaintiffs' counsel to be confidential and proprietary and allegedly misappropriated, the parties shall enter into a stipulation converting the designation of the identified documents from 'CONFIDENTIAL—ATTORNEYS EYES ONLY' to 'CONFIDENTIAL,' thereby allowing the parties to review the documents at issue with their respective counsel per paragraph 2. Those documents not identified by Plaintiffs' counsel to have allegedly been misappropriated shall remain 'CONFIDENTIAL—ATTORNEYS EYES ONLY,' and shall not be disclosed to the parties. Any such re-designation must occur as soon as Plaintiffs and/or their counsel determine that any such documents may have been allegedly misappropriated, such re-designation to occur no later than two weeks prior to any evidentiary hearing and/or trial of this matter in order for any such documents to be deemed admissible in any such evidentiary hearing and/or trial of this action.

{¶ 46} "15. **Process for Objecting to a Party's Designation.** If the receiving/requesting party disagrees with the producing/withholding party's designation or withholding of any Materials or information, the receiving/requesting party shall request in writing that the producing/withholding party re-designate such Materials or testimony and shall set forth the specific Materials or testimony at issue and the reasons the receiving/requesting party believes such document should be re-designated. If the producing/withholding party does not re-designate the Materials or information within five (5) business days after receipt of the request to re-designate, the receiving/requesting party may then make a motion to the Court to order the re-designation or production of such Materials or information."

{¶ 47} Appellant does not argue that any of the documents that it sought to classify as "CONFIDENTIAL—ATTORNEYS EYES ONLY," qualify as attorney-client work-product information. Accordingly, pursuant to the trial court's order, the only documents that appellant can classify as "CONFIDENTIAL—ATTORNEYS EYES ONLY" are proprietary or other business information that could provide another party with a competitive advantage.

{¶ 48} "In determining whether to grant a protective order, a trial court must balance the competing interests to be served by allowing discovery to proceed against the harm which may result." *Arnold v. Am. Natl. Red Cross* (1994), 93 Ohio App.3d 564, 576, 639 N.E.2d 484, citing *Doe v. Univ. of Cincinnati* (1988), 42 Ohio App.3d 227, 231, 538 N.E.2d 419. In the case at bar, the trial court's June 15, 2009 judgment entry as corrected by its September 25, 2009 judgment entry found:

{¶ 49} "However, the Court has had to balance (1) the Plaintiffs interest of confidentiality and fear that disclosure of these documents would cause severe consequences to their business interest; and (2) the Defendants' ability to defend themselves against the Plaintiffs' complaint in which they are seeking compensatory damages, punitive damages of $1,000,000.00 and attorney fees. After balancing the competing interests, the Court is more swayed that due process requires the Defendants be permitted to view the documents to defend themselves against the Plaintiffs allegations. Defendants claim that Plaintiffs have removed confidential information and wrongly utilized it to start a business. If the Court were to deny the Defendants' request to re-designate these documents, the Court may be obstructing their defense in this action. If this case shall proceed to trial, the majority of these exhibits, documents and facts are going to be displayed in a public forum. As a result, the Court grants the Defendants' Motion to Redesignate filed on January 20, 2009 and the documents listed in Exhibit A are now listed as non-confidential."

{¶ 50} Accordingly, the trial court conducted the appropriate balancing test before ordering that the documents be reclassified as "non-confidential."

{¶ 51} While we note that the case at bar does not involve "trade secrets," per se, we note by way of analogy that R.C. 1333.65 provides that a court may preserve the secrecy of an alleged trade secret by reasonable means, including holding in camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret. Civ.R. 26(C) provides that a court may order that discovery be had "on terms and conditions as are just." Thus, pursuant to the court's authority to regulate discovery, the court may, for example, order that use of the discovered information be limited to the lawsuit, limit the persons who have access to the information, limit or prohibit the reproduction of documents, require a bond to protect

against the risk of injury from the disclosure of the trade secrets, and designate who shall serve as custodian of the records. *Alpha Benefits Agency, Inc. v. King Ins. Agency, Inc.* (1999), 134 Ohio App.3d 673, 683, 731 N.E.2d 1209. See also *Majestic Steel Serv., Inc. v. DiSabato* (Dec. 16, 1999), 8th Dist. No. 76521, 1999 WL 1206573 (noting that a court is "well within its discretion to limit the scope of discoverable [trade-secret] information to trial issues only and to restrain, under penalty of contempt, use of the disputed information for any purpose other than the instant litigation").

{¶ 52} In the case at bar, the appellees requested only that the trial court reclassify the documents in question as "CONFIDENTIAL." A cursory review reveals that many of the appellants' classifications of the documents as "CONFIDENTIAL—ATTORNEYS EYES ONLY" are frivolous. For example, appellants fail to explain how a document that they did not create and that is available to the general public, i.e., Number 25, "ODJFS—You Have the Right" in any way jeopardizes their ability to conduct business or contains specific proprietary or other business information that could provide another party with a competitive advantage. While this list is by no means exhaustive, we find that appellants' interests will be adequately protected by reclassifying the documents listed in "Exhibit A" as CONFIDENTIAL. The trial court then retains full discretion to further review any specific claims that may arise in the future.

{¶ 53} Appellants' second assignment of error is sustained in part and modified. On the authority contained in Section 3(B)(2), Article IV of the Ohio Constitution, the trial court's June 15, 2009 judgment entry as corrected by its September 25, 2009 judgment entry is modified to reclassify the documents listed in Exhibit A as "CONFIDENTIAL" documents.

{¶ 54} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed in part. Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, the trial court's June 15, 2009 judgment entry as corrected by its September 25, 2009 judgment entry is modified to reclassify the documents listed in Exhibit A as "CONFIDENTIAL" documents.

Judgment accordingly.

FARMER and DELANEY, JJ., concur.