[Cite as *Crick v. Starr*, 2013-Ohio-2869.]

COURT OF APPEALS
MAHONING COUNTY, OHIO
SEVENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROY L. CRICK, EXECUTOR OF THE ESTATE OF RAY A. STARR | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | Sitting by Assignment by the Ohio |
| | : | Supreme Court |
| | : | |
| DAVID A. STARR | : | Case No. 12-MA-00081 |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Mahoning County Court
                                 of Common Pleas, Case No. 2010 CV
                                 3985


JUDGMENT:                        REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:          June 21, 2013


APPEARANCES:

For Plaintiff-Appellant:                    For Defendant-Appellee:

EDWIN ROMERO                                DONALD P. LEONE
THOMAS F. HULL, II                          4800 Market St., Suite D
Atrium Level Two                            Youngstown, OH 44512
201 E. Commerce St.
Youngstown, OH 44503-1641

LARRY ZIELKE
P.O. Box 311
Damascus, OH 46190

*Delaney, J.*

{¶1} Plaintiff-Appellant Roy L. Crick, Executor of the Estate of Ray A. Starr appeals the April 2, 2012 judgment entry of the Mahoning County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} On July 7, 2009, Plaintiff-Appellant Roy L. Crick, Executor of the Estate of Ray A. Starr filed a complaint for declaratory judgment against Defendant-Appellee David A. Starr in the Mahoning County Court of Common Pleas, Probate Division. Executor brought the complaint pursuant to R.C. 2101.24(A)(1)(l) and R.C. 2721.01, *et seq.*, requesting the probate court to determine the validity of the alleged transfer of two parcels of real estate from the decedent, Ray Starr to his brother, David Starr. Executor requested the probate court to order David Starr to convey the two parcels of real estate to the Estate.

{¶3} The probate court ruled by judgment entry of September 22, 2010. The probate court held that as to one parcel of real estate, David Starr received title as an unconditional gift from the decedent. The probate court determined the transfer of the second parcel of real estate was not a completed gift and ordered David Starr to execute a general warranty deed conveying the property to the Estate.

{¶4} On October 20, 2010, Executor filed a complaint in the Mahoning County Court of Common Pleas, General Division against David Starr. Executor brought the action pursuant to R.C. 2127.40, requesting a determination that the transfer of the remaining parcel of real estate transferred from the decedent to David Starr was made with the intent to defraud the decedent's creditors.

{¶5} David Starr filed a motion to dismiss on August 24, 2011. Executor responded to the motion. The magistrate assigned to the matter converted the motion to dismiss to a motion for summary judgment. David Starr filed a motion for summary judgment on January 30, 2012, arguing the Executor's complaint was barred by res judicata and/or collateral estoppel. On February 27, 2012, the magistrate issued his decision. The magistrate questioned whether the court of common pleas, general division had jurisdiction to hear the complaint. The magistrate stated the general division appeared to have jurisdiction over the matter pursuant to R.C. 2127.40, but in this case, the probate court had already assumed jurisdiction over the matter in the 2009 proceeding. The magistrate sustained David Starr's motion for summary judgment and dismissed the matter.

{¶6} Executor filed objections to the magistrate's decision and David Starr responded. On April 2, 2012, the trial court modified the magistrate's decision that dismissed the case; instead, the trial court transferred the matter to the probate court. The trial court made no determination as to David Starr's argument that the Executor's claims were barred by res judicata or collateral estoppel. Nor did the trial court reach the substantive merits of Executor's complaint. The trial court included Civ.R. 54(B) language in its judgment entry.

{¶7} It is from this decision Executor now appeals.

**ASSIGNMENT OF ERROR**

{¶8}  Executor raises one Assignment of Error:

{¶9}  "THE TRIAL COURT ERRED IN HOLDING THAT THE GENERAL DIVISION OF THE COMMON PLEAS COURT LACKED SUBJECT MATTER JURISDICTION OVER APPELLANT'S CLAIM AND IN TRANSFERRING APPELLANT'S CLAIM TO THE PROBATE DIVISION OF THE COMMON PLEAS COURT."

**ANALYSIS**

*FINAL, APPEALABLE ORDER*

{¶10} Before we address the merits of Executor's Assignment of Error, we address David Starr's argument that this Court is without jurisdiction to consider an appeal of the April 2, 2012 judgment entry for lack of a final, appealable order.  We disagree.

{¶11} The trial court did not rule on the merits of Executor's complaint, but ordered the matter be transferred to the probate court because the common pleas court was without jurisdiction to consider the matter.  In the April 2, 2012 judgment entry, the trial court included the Civ.R. 54(B) language of "no just cause for delay."  David Starr argues this language is insufficient to convert the judgment to a final appealable order.  Because the trial court transferred the matter to probate court without ruling on the merits, David Starr contends Executor's original claims are still pending.

{¶12} The Ohio Constitution, Article IV, Section 3(B)(2) limits an appellate court's jurisdiction to the review of final judgments.  For a judgment to be final and appealable, it must satisfy R.C. 2502.02, and, if applicable, Civ.R. 54(B).  *Northeast*

*Professional Home Care, Inc. v. Advantage Home Health Services, Inc.,* 188 Ohio App.3d 704, 2010–Ohio–1640, 936 N.E.2d 964, ¶ 14 (5th Dist.) citing *Hitchings v. Weese,* 77 Ohio St.3d 390, 674 N.E.2d 688 (1997).

{¶13} To constitute a final order, an order must fit into one of the categories in R.C. 2505.02(B), which provides in pertinent part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

* * *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶14} In this case, the trial court found it did not have jurisdiction over the matter, granted summary judgment in favor of David Starr and transferred the action to the probate court.  In this appeal, Executor argues it was error to grant summary judgment

in favor of David Starr because R.C. 2127.40 confers jurisdiction upon the court of common pleas. Under these procedural circumstances and based on our analysis below, we find the April 2, 2012 judgment entry of the trial court is a final, appealable order ripe for our consideration.

*JURISDICTION UNDER R.C. 2127.40*

{¶15} Executor argues in his sole Assignment of Error the trial court erred in adopting in part the magistrate's decision as to summary judgment and transferring the matter to the probate court. We agree.

{¶16} This matter originally came before the magistrate upon David Starr's motion for summary judgment. The magistrate issued his decision that granted David Starr's motion for summary judgment and dismissed the action. Executor filed objections to the magistrate's decision and the trial court overruled the objections and adopted the magistrate's decision as to summary judgment, but with a modification that transferred the matter to probate court instead of dismissing the case.

{¶17} An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court as set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d

317, 327, 364 N.E.2d 267 (1977).   When a court considers a motion for summary judgment, the facts must be taken in the light most favorable to the nonmoving party. *Id.*

{¶18} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.)  *Dresher v. Burt,* 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996).  If the moving party carries its burden, the nonmoving party has the reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial.  *Id.* at 293.  In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence that suggests that a reasonable factfinder could rule in that party's favor.  *Brewer v. Cleveland Bd. of Edn.,* 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

{¶19} In his complaint, Executor alleged the decedent fraudulently conveyed a parcel of real estate to David Starr with the intent to defraud the decedent's creditors. The trial court, in granting summary judgment in favor of David Starr, found the common pleas court was without jurisdiction to consider the matter and transferred the action to the probate court.  It made no determination as to the substantive merits of Executor's complaint or as to David Starr's claims of res judicata or collateral estoppel.  (Judgment Entry, April 2, 2012).

{¶20} Executor argues it properly brought its claims in the general division of the common pleas court pursuant to R.C. 2127.40. R.C. 2127.40 is entitled, "Sale by

executor or administrator of real property fraudulently transferred by decedent." The statute reads:

When an action is brought by an executor or administrator to sell real property to pay debts, the real property subject to sale shall include all rights and interests in real property transferred by the decedent in the decedent's lifetime with intent to defraud the decedent's creditors, except that real property fraudulently transferred cannot be taken from any person who purchased them for a valuable consideration, in good faith, and without knowledge of the fraud. No claim to that real property shall be made unless within four years next after the decease of the grantor.

If real property fraudulently transferred is to be included in that action, the executor or administrator, either before or at the same time, may commence a civil action in the court of common pleas in the county in which the real property is situated to recover possession of it, or, in the action for its sale, the executor or administrator may allege the fraud and have the fraudulent transfer avoided. But when the real property is included in the complaint before the recovery of possession by the executor or administrator, the action shall be brought in the court of common pleas in the county in which the real property is situated.

{¶21} There is no Ohio case law analyzing R.C. 2127.40. As such, this Court looks to Ohio case law analyzing the statute's progenitor, sections 6139 and 6140 of the Revised Statutes. In *Spoors v. Cowen*, 44 Ohio St. 497, 9 N.E. 132 (1886), the Ohio Supreme Court reviewed a case where the decedent conveyed real estate to his son

and on the same day, the son conveyed the property back to the decedent's wife. The administrator filed a cause of action in the probate court to have the conveyance set aside and to sell the lands to pay the debts of the estate. The probate court affirmed and ordered the administrator to sell the land. The decedent's wife appealed.

{¶22} The Ohio Supreme Court held:

1. The probate court had no jurisdiction; for, although it is provided in section 6139, Rev. St., that the petition to sell lands to pay the debts of the estate 'shall include all the deceased may have conveyed with intent to defraud creditors,' yet it is provided, in section 6140, Rev. St., that, 'where such land is included in the application before a recovery of the possession thereof, the action shall be in the court of common pleas.' The revision of this provision doubtless arose from a persuasion, in the mind of the legislature, that a recovery of such lands involved an exercise of jurisdiction that should only be conferred on the courts of common pleas; they being courts of general jurisdiction in matters of law and equity, and therefore more competent, from the character of their judges, constantly employed in the exercise of such jurisdiction, to hear and determine such matters. And so, to avoid a multiplicity of suits, it is provided that an action to set aside a conveyance of lands that had been made by a decedent to defraud creditors may be united with a proceeding for an order of sale to pay debts, by resorting, in the first instance, to the court of common pleas. In this case the pleader seems to have assumed that he had avoided this objection to the jurisdiction of the court by the averment 'that the petitioner

has been and is now in the exclusive possession of said premises.' But mere possession, herein exclusive, by the administrator, does not confer jurisdiction upon the probate court to order a sale to pay debts, unless the possession had been recovered in an action against the grantee, or those claiming under him, for the purpose of having the conveyance set aside as fraudulent against creditors. Until the conveyance has been set aside by the judgment of a competent court, or a reconveyance made by the party holding the title, an order for the sale of such lands to pay the debts of the decedent cannot be made in the common pleas or probate court. This is in harmony with what has been the settled policy of our state in the matter of judicial sale, which has always been to so offer the land as to transfer it to the purchaser with a good title; but an administrator's sale may be made, instead of offering it, as a lawsuit, for what can be obtained from those who may feel disposed to invest in litigation. Hence possession, not acquired as the fruits of a judgment in a suit to recover the land, avails nothing, where the proceeding for an order of sale is begun in the probate court, instead of the common pleas.

*Id.* at *501-502.

{¶23} Accordingly, when land has been fraudulently conveyed by the decedent with the intent to defraud his or her creditors, the executor or administrator, in order to get possession of the same and avoid the fraudulent conveyance, must first bring a separate action to have the conveyance set aside in the court of common pleas. The probate court is without jurisdiction under R.C. 2127.40. *Spoors v. Cowen*, 44 Ohio St.

497, 9 N.E. 132 (1886); *Cross v. Armstrong*, 44 Ohio St. 613, 10 N.E.160 (1887). A probate court is a court of limited jurisdiction and probate proceedings are restricted to those actions permitted by statute and by the Constitution. *Corron v. Corron*, 40 Ohio St.3d 75, 531 N.E.2d 708 (1988), paragraph one of the syllabus.

{¶24} Upon our de novo review, we find the general division of the common pleas court has jurisdiction to hear a matter pursued under R.C. 2127.40.

{¶25} The sole Assignment of Error of Plaintiff-Appellant Roy L. Crick, Executor of the Estate of Ray A. Starr is sustained.

**CONCLUSION**

{¶26} Based on the foregoing, the sole Assignment of Error of Plaintiff-Appellant Roy L. Crick, Executor of the Estate of Ray A. Starr is sustained.

{¶27} The judgment of the Mahoning County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and law.

By:

Delaney, J.,

Gwin, P.J. and

Farmer, J., concur.

PAD:kgb