[Cite as *Hinerman v. Grill on Twenty First, L.L.C.*, 2018-Ohio-1927.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STUART HINERMAN

      Plaintiff-Appellee

-vs-

THE GRILL ON TWENTY FIRST,
LLC, ET AL.

      Defendants-Appellants

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Patricia A. Delaney, J.
Hon. Earle E. Wise, Jr., J.

Case No. 17-CA-82

O P I N I O N

CHARACTER OF PROCEEDING:      Appeal from the Licking County Common
Pleas Court, Case No. 2015 CV 01046

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      May 11, 2018

APPEARANCES:

For Plaintiff-Appellee

JONATHAN A. VELEY
2034 Cherry Valley Road
Newark, Ohio 43055

For Defendants-Appellants

STEPHEN B. WILSON
35 South Park Place, Suite 150
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1}   Appellants The Grill on Twenty First, LLC; Twenty First Street Properties, LLC; and Eric E. Mason appeal the judgment entered by the Licking County Common Pleas Court ordering a former attorney for Appellants to answer questions posed in a deposition by Appellee Stuart Hinerman.

## STATEMENT OF THE FACTS AND CASE

{¶2}   Appellee is a member in the limited liability companies The Grill on Twenty First and Twenty First Properties, Appellants in this case.  Appellant Mason and Appellee agreed to go into business together operating a restaurant previously owned and operated by Appellee.

{¶3}   At the time they were discussing the new venture, Mason was represented by Attorney Adam Vernau, who was a member of the Newark law firm of Morrow, Gordon & Byrd.  Mason notified Hinerman he had contacted Vernau to draft the operating agreements governing the new corporations.  Hinerman was already a client of another attorney at the same law firm, and agreed to have Vernau prepare the agreements.

{¶4}   On December 20, 2006, Hinerman met with Vernau at the law firm's office and signed operating agreements with respect to both companies.  The Grill on Twenty First, LLC was organized to operate the restaurant business, while Twenty First Street Properties, LLC was organized to own and manage the real estate on which the restaurant was located.

**{¶5}** Appellee filed the instant case on December 7, 2015, seeking damages for breach of contract and breach of fiduciary duty, as well as an accounting from Appellants. Appellants filed a counterclaim against Appellee for breach of contract.

**{¶6}** A deposition of Attorney Adam Vernau was scheduled for June 15, 2017. On the day of the deposition, Appellant Mason asserted all communications between himself and Vernau regarding the preparation of the operating agreements for the two companies were privileged. The deposition was cut short due to Appellant Mason's objections. Appellee sought a ruling from the court on the issue of whether attorney-client privilege could be invoked.

**{¶7}** After an evidentiary hearing on the issue of attorney-client privilege, the court allowed the parties to supplement the record with affidavits from any person who testified at the hearing, as well as an affidavit from Vernau. The court found the joint representation exception to the attorney-client privilege was demonstrated by the evidence, and ordered Vernau to answer questions as to whether either party gave special instructions when drafting the contract regarding the division of losses from the company and the liability of Hinerman and Mason, and to answer the question as to whether he drafted any contracts which are the subject of the dispute of this case.

**{¶8}** It is from this October 3, 2017 judgment Appellants prosecute their appeal, assigning as error:

THE TRIAL COURT ERRED IN FINDING THERE WAS JOINT REPRESENTATION BETWEEN PLAINTIFF-APPELLEE, DEFENDANT-APPELLANT AND ATTORNEY ADAM VERNAU AND IN ENTERING A

DISCOVERY ORDER THAT BREACHES THE CONFIDENTIALITY GUARANTEED BY THE ATTORNEY-CLIENT PRIVILEGE.

**{¶9}** Generally, discovery orders are not immediately appealable*. Walters v. Enrichment Center of Wishing Well, Inc.,* 78 Ohio St.3d 118, 676 N.E.2d 890(1997). However, if the judgment orders a party to disclose allegedly privileged material, it is appealable pursuant to R.C. 2505.02(A)(3) and (B)(4). *Northeast Professional Home Care, Inc. v. Advantage Home Health Servs., Inc.,* 188 Ohio App.3d 704, 936 N.E.2d 964, 2010–Ohio–1640 at ¶ 34.

**{¶10}** {¶ 15} "The attorney-client privilege is one of the oldest recognized privileges for confidential communications." *Swidler & Berlin v. United States*, 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379(1998). In *Jackson v. Greger*, 110 Ohio St.3d 488, 2006–Ohio–4968, 854 N.E.2d 487, the court stated, "R.C. 2317.02(A) provides a testimonial privilege—i.e., it prevents an attorney from testifying concerning communications made to the attorney by a client or the attorney's advice to a client. A testimonial privilege applies not only to prohibit testimony at trial, but also to protect the sought-after communications during the discovery process." *Id.* at ¶ 7, fn. 1, 854 N.E.2d 487.

**{¶11}** There are a number of well-established exceptions to the attorney-client privilege. *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 127 Ohio St.3d 161, 937 N.E.2d 533, 2010–Ohio–4469, ¶ 24–43. One such exception is the joint representation exception:

In addition, Ohio courts have applied the common-law joint-representation exception to the attorney-client privilege, which provides that a client of an attorney cannot invoke the privilege in litigation against a co-client. See, e.g., *Emley v. Selepchak* (1945), 76 Ohio App. 257, 262, 31 O.O. 558, 63 N.E.2d 919, quoting 8 Wigmore on Evidence (3d Ed.1940), Section 2312 ("Another exception * * * is 'when the same attorney acts for two parties having a common interest, and each party communicates with him. Here the communications are clearly privileged from disclosure at the instance of a third person. Yet they are not privileged in a controversy between the two original parties, inasmuch as the common interest and employment forbade concealment by either from the other * * *.' " [Emphasis sic]); *Netzley v. Nationwide Mut. Ins. Co.* (1971), 34 Ohio App.2d 65, 78, 63 O.O.2d 127, 296 N.E.2d 550 (following *Emley*); see also Weissenberger's Ohio Evidence Treatise (2009) 246–247, Section 501.8 ("A similar exception applies when an action arises between parties who were previously co-clients within an attorney-client relationship").

*Id.* at ¶ 32.

{¶12} "Whether an attorney-client relationship exists is not governed solely by whether the person to whom advice is given or for whom service is rendered pays the attorney who gives the advice or renders the service." *Lillback v. Metro. Life Ins. Co.,* 94 Ohio App.3d 100, 108–09, 640 N.E.2d 250, 256 (2nd Dist. Montgomery 1994). The test for determining the existence of an attorney-client relationship is both subjective and

objective; it is a question of both what the putative client believed and whether or not that belief was reasonable based on the surrounding circumstances. *Stuffleben v. Cowden*, 8th Dist. Cuyahoga No. 82537, 2003-Ohio-6334, ¶ 22.

**{¶13}** The trial court found the joint representation exception existed in this case. The court found Appellee had an honest belief the former attorney was employed by both himself and Appellants, and this belief was reasonable based on the surrounding circumstances. The court further concluded the parties had a common interest when hiring the former attorney. Appellant argues the court erred in finding Vernau jointly represented both Mason and Hinerman in the drafting the agreements surrounding the establishment of the two limited liability companies at issue.

**{¶14}** Although issues surrounding an assertion of privilege are generally subject to de novo review, with respect to questions of fact, an appellate court must determine whether the trial court abused its discretion. *MA Equip. Leasing I, L.L.C. v. Tilton*, 10th Dist. Franklin No. 12AP-564, 2012-Ohio-4668, 980 N.E.2d 1072, ¶ 18. Accordingly, we review the trial court's determination of factual issues, including the existence of an attorney-client relationship between Appellee and counsel retained by Appellant Mason, for an abuse of discretion. *Id.*

**{¶15}** In his affidavit, Appellee avers as follows:

2. Prior to my involvement with the Defendant Eric Mason and in the businesses known as The Grill on Twenty First, LLC and Twenty First Street Properties, LLC, I was a client of Morrow, Gordon & Byrd, a Newark, Ohio law firm.

3. When Defendant Eric Mason and I had decided to go into business together, Eric Mason told me that he had found Adam Vernau, an attorney at Morrow, Gordon & Byrd, to draft our operating agreements for both of us.

4. I readily agreed to have Adam Vernau prepare our agreements because I was already a client of Morrow, Gordon & Byrd.

5. Adam Vernau prepared the operating agreements at issue in this case.

6. Adam Vernau never advised me that he was representing Eric Mason only and he never advised me that I should consult my own lawyer if I wanted to be represented.

7. I thought Adam Vernau was representing both me and Eric Mason jointly.

8. Eric Mason and I both shared a common interest in having our operating agreements drawn up to reflect the terms that we had agreed upon.

{¶16} Adam Vernau averred in his affidavit filed subsequent to the evidentiary hearing, "In regard to creating the new limited liability companies, including the preparation of the operating agreements, my client was Eric E. Mason." However, in his testimony at the original deposition which gave rise to the initial question of attorney-client privilege, he testified the client would have been the LLCs, and the members, so "I guess, Eric, Stu and there's two LLCs, is my recollection." Deposition of Adam Vernau, p.6. He

further testified he thinks as a matter of law he represented Appellee, but his interaction with him was limited. Deposition of Adam Vernau, p. 16.

{¶17} The trial court did not abuse its discretion in finding Appellee believed Vernau represented himself and Mason jointly. His affidavit provided direct evidence as to his belief. The court further did not abuse its discretion in finding Appellee's belief of joint representation to be reasonable. Appellee was already a client of the law firm when Mason came to him and suggested Vernau draw up the operating agreements. His affidavit recites he was never advised by Vernau he was representing Mason only. He and Mason shared a common interest in the operating agreements which created their limited liability companies for their joint business venture. Further, Vernau acknowledged while most of his interaction was with Mason, he believed his clients legally were both Mason and Appellee, as well as the two limited liability companies.

{¶18} Because the court did not abuse its discretion in finding joint representation based upon the evidence before it, the trial court did not err in finding the attorney-client privilege inapplicable based on the joint representation exception.

{¶19} The assignment of error is overruled.

{¶20} The judgment of the Licking County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur