Valerie BETHEA, Plaintiff,

v.

COMCAST et al., Defendants.

No. CIV.A.02–1767 (RWR/JMF).

United States District Court, District of Columbia.

Dec. 3, 2003.

Anthony Graham, Sr., Capitol Legal Group, LLP, Washington, DC, for Plaintiff.

Adrienne Anita Brown, Morgan, Lewis & Bockius LLP, Washington, DC, for Defendants.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

This matter was referred to me by Judge Roberts for resolution of all discovery disputes. Currently ripe for resolution are *Plaintiff's Motion for Order Compelling Entry on Premises to Inspect Defendants' Computer System and Programs* and *Plaintiff's Motion to Compel Discovery, for Sanctions, and Response to Defendant's Objections to Plaintiff's Notices of Deposition Duces Tecum for Deposition of Cynthia Hultquist and Curt Pendleton.* For the reasons stated herein, both motions are denied.

*Plaintiff's Motion for Order Compelling Entry on Premises to Inspect Defendants' Computer System and Programs*

### Background

On September 9, 2003, plaintiff Valerie Bethea ("Bethea") moved this court for an order compelling defendants to allow her to enter upon their premises, inspect their computer systems and related programs, and copy any information relevant to her employment discrimination claims. *Plaintiff's Motion for Order Compelling Entry on Premises to Inspect Defendants' Computer System and Programs* ("Pl. Mot. to Insp. Comp.") at 1. Plaintiff has been dissatisfied with the results of the discovery process and suspects that defendants possess more information than they have produced.[1] At a status conference held before Judge Richard W. Rob-

erts on September 4, 2003, plaintiff's counsel represented to the court:

> We would like to inspect the computer and make another request for some additional documents *just to see* if the defendants are going to say that there are no documents that exist which we are requesting .... *We just can't believe* that an organization of that magnitude could go through a reorganization and would not create one single document.

Transcript of September 4, 2003 Status Conference ("Tr.") at 6,7 (emphasis added). Thus, plaintiff seeks access to defendants' hard drives to determine whether defendants possess any additional documents that they have not yet produced.

Defendants insist that plaintiff should not be allowed to enter their premises and inspect their computers. *Defendants' Opposition to Plaintiff's Motion to Compel Inspection of Defendants' Computer System and Programs* ("D. Opp. to Insp. Comp.") at 1. Defendants maintain that they have already searched their files and produced all unprivileged documents that respond to plaintiff's discovery requests. *Id.* at 4. In addition, defendants claim that plaintiff has failed to make any showing that relevant materials exist on the hard drive or that defendants have destroyed or unlawfully withheld any documents. *Id.* at 2. In addition, in his deposition, the Director of Human Resources for Comcast testified that all documents responding to plaintiff's discovery requests had already been produced and that any other communications regarding plaintiff and the reorganization of 2001 were conducted by phone and via meetings. *Id.* at 6.

### Analysis

When a party seeks to compel discovery, it first has the burden of demonstrating the relevance of the information to the lawsuit. *Alexander v. FBI*, 194 F.R.D. 305, 311 (D.D.C.2000). In the context of computer systems and computer records, inspection or seizure is not permitted unless the moving

---

1. In his deposition, Curtis Taylor ("Taylor"), the Director of Human Resources for Comcast, stated that defendants had created no documents regarding plaintiff or the reorganization that transpired between January 1, 2001 and October 31, 2001 except for an organizational chart, which was created on September 25, 2001. Pl. Mot. to Insp. Comp. at 2. Plaintiff finds this assertion incredulous.

party can "demonstrate that the documents they seek to compel do, in fact, exist and are being unlawfully withheld." *Id.* As indicated by this court and other courts, a party's suspicion that another party has failed to respond to document requests fully and completely does not justify compelled inspection of its computer systems. *See id.; see also Medical Billing Consultants, Inc. v. Intelligent Medical Objects, Inc.,* No. 01 C 9148, 2003 WL 1809465, at *2 (N.D.Ill. Apr.4, 2003).

Here, plaintiff seeks to enter defendants' premises and inspect their computer systems merely because they are "believed to contain appropriate discovery information." Pl. Mot. to Insp. Comp. at 2. With this vague assertion, plaintiff fails to demonstrate what relevance any information still contained on the defendants' hard drives may have to the pending lawsuit. Rather, plaintiff is speculating, and such conjecture does not warrant the compelled inspection of a computer system that contains voluminous information relating to many topics other than plaintiff's employment discrimination claim. In addition, plaintiff has made no showing that the documents she seeks actually exist or that the defendants have unlawfully failed to produce them.[2] Indeed, plaintiff has not alleged that the defendants failed to make a search of adequate scope or duration. Instead, defendants have stated that they have made diligent searches and complied with all discovery requests, and plaintiff has not refuted them. For all of these reasons, I will not compel the inspection of defendants' computer systems and records.

**2.** Without reference to any supporting material, plaintiff does claim that the defendants deleted all electronic communications regarding plaintiff's employment. Plaintiff also proposes that a "qualified person" enter and insect the computer system and programs. I can only assume that plaintiff is suggesting that this "qualified person" may be able to retrieve the allegedly deleted documents, but plaintiff offers no support that such documents exist or that this is even the purpose of her proposal.

**3.** Because I am not granting plaintiff relief, no sanctions are warranted.

**4.** In its objection to plaintiff's additional notices of deposition *duces tecum,* defendant originally stated that neither Hultquist nor Pendleton have

## *Plaintiff's Motion to Compel Discovery, for Sanctions, and Response to Defendant's Objections to Plaintiff's Notices of Deposition Duces Tecum for Deposition of Cynthia Hultquist and Curt Pendleton*

### Background

Plaintiff has moved this court to order the defendants to produce two witnesses, Cynthia Hultquist ("Hultquist") and Curt Pendleton ("Pendleton"), for depositions and to allow plaintiff additional time to complete such depositions. *Plaintiff's Motion to Compel Discovery, for Sanctions, and Response to Defendant's Objections to Plaintiff's Notices of Deposition Duces Tecum for Deposition of Cynthia Hultquist and Curt Pendleton*[3] ("Pl. Mot. for Deps.") at 5–6. Defendants argue that the motion should be denied on two grounds: 1) plaintiff failed to obey the subject matter guidelines established by the court, and 2) plaintiff failed to comply with the court's procedural directives.

### Subject Matter of the Proposed Depositions

After the September 4, 2003 status conference, plaintiff noticed the depositions of two high-level Comcast managers: Hultquist and Pendleton.[4] Plaintiff also sought any written correspondence, reports, notes, or recordings the witnesses made regarding plaintiff. According to plaintiff, these documents are the same documents that plaintiff requested earlier in the discovery process and that defendants claim do not exist. Pl. Mot. for Deps. at 5.

any first-hand knowledge of facts relevant to the lawsuit. However, this argument is absent from their opposition to plaintiff's motion to compel. In addition, in her motion, plaintiff explains that she seeks to depose Pendleton because, according to the depositions of others, he had "spearheaded the reorganization" and was responsible for approving the elimination of positions. Pl. Mot. for Deps. at 3–4. Plaintiff seeks to depose Hultquist because she was aware of plaintiff's complaint to the Equal Employment Opportunity Office, responded to plaintiff's allegations of discrimination, and met with plaintiff prior to her termination. *Id.* at 4. Therefore, both witnesses possess knowledge relevant to plaintiff's claims and are appropriate witnesses to be deposed.

Defendants argue that plaintiff failed to obtain prior court approval for seeking these documents, as required by the court's rulings at the status conference. The court specifically stated that plaintiff would have to seek "leave of court" to make additional document requests and that the purpose of the discovery extension was to allow time for the possible inspection of defendants' computer system, not to "conduct a broader range of discovery ... identifying new documents to request outside of those being sought from the hard drive ...." D. Mot. at 5 (citing Tr. at 9–10).

Frankly, given that the plaintiff has admitted that she already requested these documents and that defendant has already denied their existence, the issue seems moot. In addition, the court specifically stated that, in the event that any depositions revealed that documents relating to plaintiff and the reorganization had been created, plaintiff would be required to "file a motion seeking leave to seek them." Tr. at 10. Plaintiff has failed to comply with that directive and therefore cannot seek documents from either Hultquist or Pendleton.

### Procedural Issues

■ At the status conference held by Judge Roberts, the court issued specific instructions about how the parties were to proceed regarding the computer inspection and the additional depositions. Plaintiff and defendants now offer conflicting interpretations of Judge Roberts' ruling and disagree as to whether the proper procedures have been followed.

Both parties agree that plaintiff was required to submit a motion to compel inspection of defendant's hard drive within three business days of the status conference. Both sides also agree that the court ordered plaintiff to submit a list of witnesses to be deposed by the close of business on September 4, 2003. Defendants were required to submit any opposition by September 5, 2003. However, plaintiff and defendants disagree as to the time line established for any motions to compel regarding the depositions sought by plaintiff. Plaintiff points to specific language in which the court states that, after receiving defendants' objections to the proposed depo-

sitions, "plaintiffs will make whatever decision needs to be made about filing a motion to compel at that point." Tr. at 8; *see also* Pl. Mot. for Deps. at 3. Defendant, on the other hand, asserts that the deadline for the motion to compel applied to all of the items requested by plaintiff, *i.e.*, the inspection of the hard drive and the depositions. *Defendants' Opposition to Plaintiff's Motion to Compel Discovery and for Sanctions* ("D. Opp. to Deps.") at 3. According to defendants, to interpret the court's ruling otherwise would be "senseless" and would disregard the spirit of the court's rulings when taken as a whole. *See id.* at 4. In support of their position, defendants argue that the court would not have allowed plaintiff to file a motion to compel depositions on October 11, 2003 when it had just extended the discovery deadline to October 19, 2003 because it would be impossible to complete all discovery within the court-ordered time frame.

Plaintiff filed her motion to compel on Saturday, October 11, 2003. Even though, under the Local Rules, defendant had 11 days to file its opposition, defendant filed its opposition on Friday, October 17, 2003. No reply was ever filed, and discovery was scheduled to close on Sunday, October 19, 2003 but technically closed on the next business day, Monday, October 20, 2003. *See* Fed.R.Civ.P. 6. After reading the transcript of the September 4, 2003 status conference, I am convinced that, whatever Judge Roberts may have specifically intended, he certainly did not intend to allow plaintiff to file a motion to compel only eight days prior to the extended discovery deadline that he had just established. I had no way of knowing whether or not plaintiff intended to file a reply to the defendant's opposition and therefore would not have acted on the motion until after the discovery deadline had passed. Furthermore, even had I acted on the next business day, October 20, 2003, and denied the motion, it would have been impossible to take the depositions before the end of discovery period since I would have ruled on the very day discovery ended. It is illogical to deduce that plaintiff would be permitted to file a motion to compel so late in the discovery process that it might not even be fully

briefed before the discovery period closed or that, even if I had ruled without waiting for a reply, I could not have ruled until the very day discovery ended.

Furthermore, a party is supposed to give no less than 5 days notice of her intention to take a deposition. LCvR 30.1. Therefore, at a minimum, plaintiff should have filed her motion seeking to compel the depositions of Hultquist and Pendleton to allow for full briefing, sufficient time for me to rule, and five days notice of the taking of the deposition. Plaintiff's filing of her motion eight days before discovery closed did not even come close to allowing everything that had to be done to be concluded before discovery closed. Plaintiff's motion must therefore be denied.

An Order accompanies this Memorandum Opinion.

### ORDER

In accordance with the Memorandum Opinion issued herein, **IT IS ORDERED THAT:**

1. *Plaintiff's Motion for Order Compelling Entry on Premises to Inspect Defendants' Computer System and Programs* [# 10] is **DENIED;** and it is further **ORDERED THAT**

2. *Plaintiff's Motion to Compel Discovery, for Sanctions, and Response to Defendant's Objections to Plaintiff's Notices of Deposition Duces Tecum for Deposition of Cynthia Hultquist and Curt Pendleton* [# 14] is **DENIED.**

**SO ORDERED.**