[Cite as *Scott Process Sys., Inc. v. Mitchell*, 2012-Ohio-5971.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SCOTT PROCESS SYSTEMS, INC. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 2012CA00021 |
| SCOTT A. MITCHELL, ET AL. | : | |
| | : | |
| | : | O P I N I O N |
| Defendants-Appellees | : | |
| | : | |
| -vs- | : | |
| | : | |
| BIZ SALES CO. AND RONALD GENOVESE | : | |
| | : | |
| | : | |
| Non-Parties-Appellants | : | |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of Common Pleas, Case No. 2010CV04565

JUDGMENT:     REVERSED AND REMANDED

DATE OF JUDGMENT ENTRY:     December 17, 2012

APPEARANCES:

For Biz Sales Co & Ronald Genovese:     For Scott Process Systems, Inc.:

DEBORAH J. MICHELSON     GREGORY A. BECK
STEVEN J. MILLER     ANTHONY E. BROWN
1301 East 9th St., Suite 2700     400 S. Main St.
Cleveland, OH 44114-1835     North Canton, OH 44720

*Delaney, P.J.*

{¶1} Non-Party Appellants Biz Sales Co. and Ronald Genovese appeal the January 18, 2012 judgment entry of the Stark County Court of Common Pleas denying their Motion to Quash and Protective Order and granting the Motion to Compel of Plaintiff-Appellee Scott Process Systems, Inc.

## FACTS AND PROCEDURAL HISTORY

{¶2} Defendant Scott Mitchell is the founder of Scott Process Systems, Inc., a company that specializes in the nuclear, power, and process piping industry. Scott Mitchell sold Scott Process Systems, Inc. to its current owner in 2009. Mitchell entered into a non-compete agreement with Plaintiff-Appellee Scott Process Systems, Inc. ("SPSI").

{¶3} Scott Mitchell started a new business called Mitchell Piping, LLC. On December 21, 2010, SPSI filed a complaint in the Stark County Court of Common Pleas against Scott Mitchell and Mitchell Piping, LLC based on the alleged violation of the non-compete agreement with SPSI by the formation of Mitchell Piping, LLC. SPSI claimed interference with business relationships, civil conspiracy, misappropriation of trade secrets, breach of fiduciary duty, and conversion.

{¶4} During the discovery process, SPSI sought the deposition of a non-party to the action -- Ronald Genovese, president of Biz Sales Co. (hereinafter "Genovese"). Genovese is a former employee of SPSI. Biz Sales Co. is a supplier of piping materials and fabrication services. Genovese appeared for the deposition and was represented by counsel.

{¶5} SPSI, Mitchell, and Mitchell Piping, LLC entered into a settlement agreement and dismissed the case on May 12, 2011. The settlement agreement contained a non-compete agreement.

{¶6} On September 8, 2011, SPSI filed a Motion for an Order to Show Cause as to why Mitchell and Mitchell Piping, LLC should not be held in contempt for violating the settlement agreement. SPSI alleged Mitchell and Mitchell Piping, LLC contacted a former customer of SPSI. The trial court permitted the parties to conduct discovery pursuant to the motion.

{¶7} SPSI served Genovese with a subpoena for a deposition to be held on October 12, 2011. The subpoena included a duces tecum request for Genovese to bring all computers, computer hard drives, and cell phones utilized by Genovese from April 1, 2011 to the present. Simultaneous to serving Genovese with the subpoena, on October 5, 2011, SPSI filed with the trial court a Motion for Production of Computer Hard Drives and Cell Phones of Ronald Genovese. The motion to compel was only served upon counsel for Mitchell and Mitchell Piping, LLC. In the motion, SPSI requested an order from the trial court that Genovese be required to produce for inspection and copying all computer hard drives and cell phones utilized by Genovese within the past 180 days. SPSI stated it hired a third party contractor to conduct the electronic scan and copying. The trial court granted the motion on October 12, 2011.

{¶8} SPSI withdrew its October 5, 2011 Motion to Compel on October 19, 2011. SPSI stated in the notice of withdrawal that it and counsel for Genovese were in the process of working through Genovese's voluntary response to its subpoena.

{¶9} On November 7, 2011, SPSI filed an Amended Notice to Take Deposition of Ronald Genovese. The subpoena included a duces tecum request that Genovese bring the documents listed in "Exhibit A." Exhibit A states:

All computers, computer hard drives and cell phones utilized by you from April 1, 2011 to the present. These electronic devices will be scanned and the following electronically stored information will be copied and produced to counsel for the issuing party:

(1) All communications with Scott Mitchell;

(2) All communications with Pam Mitchell;

(3) All communications to any person engaged in the nuclear power or process industries;

(4) All communications regarding Scott Process Systems, Inc.;

(5) Any and all communications referencing January, 2012 (sic) that in any way relate to Scott Mitchell, Mitchell Piping, SPSI, or the nuclear power and process industries;

(6) Any and all communications referencing February, 2012 (sic) that in any way relate to Scott Mitchell, Mitchell Piping, SPSI, or the nuclear power and process industries.

{¶10} Due to other discovery issues, SPSI did not pursue the November 2011 deposition with Genovese. SPSI filed a second Amended Notice of Deposition of Genovese with Exhibit A on January 5, 2012. The deposition was to be held on January 16, 2012.

{¶11} On January 17, 2012, Genovese filed a Motion to Quash and Protective Order. Genovese objected to the date of the deposition, relevancy of the scope of discovery, and the breadth of the discovery as to the electronic records. SPSI filed a memorandum in opposition and a Motion to Compel Genovese's attendance at the deposition. In its response, SPSI stated that it attempted to work with Genovese by providing a proposed protective order and a preliminary list of search terms. It stated the language of Exhibit A was sufficiently limited. Genovese filed a reply on January 18, 2012.

{¶12} On January 18, 2012, the trial court denied the Motion to Quash and Protective Order. It also granted the Motion to Compel, ordering Genovese to produce all computers and mobile devices encompassed in Exhibit A. The judgment entry does not refer to the proposed protective order or list of proposed search terms.

{¶13} It is from this decision Genovese now appeals.

## ASSIGNMENTS OF ERROR

{¶14} Genovese raises five Assignments of Error:

{¶15} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ISSUING A DISCOVERY ORDER THAT COMPELS NON-PARTIES TO PRODUCE ALL THEIR PERSONAL AND PROFESSIONAL ELECTRONIC DEVICES FOR FORENSIC IMAGING OF THEIR HARD DRIVES, AS PLAINTIFF-APPELLEE FAILED TO MAKE THE REQUIRED DEMONSTRATION THAT PAPER PRODUCTION OF APPELLANTS' ELECTRONICALLY STORED DOCUMENTS WOULD BE INADEQUATE. [JANUARY 18, 2012 ORDER.]

{¶16} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ISSUING A DISCOVERY ORDER THAT COMPELS NON-PARTIES TO PRODUCE ALL OF THEIR PERSONAL AND PROFESSIONAL ELECTRONIC DEVICES FOR FORENSIC IMAGING, AS APPELLANTS REPEATEDLY OFFERED TO COOPERATE VOLUNTARILY WITH REQUESTS FOR DISCOVERABLE DOCUMENTS AND INFORMATION FROM PLAINTIFF-APPELLEE THAT WERE REASONABLE AND RELEVANT TO ITS PENDING CLAIMS; AND, THEREFORE, PLAINTIFF-APPELLEE DID NOT (AND COULD NOT) MAKE THE REQUIRED DEMONSTRATION THAT APPELLANTS HAD ENGAGED IN WILLFUL DISCOVERY MISCONDUCT.  [JANUARY 18, 2012 ORDER.]

{¶17} "III.  THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ISSUING A DISCOVERY ORDER THAT COMPELS NON-PARTIES TO PRODUCE ALL OF THEIR PERSONAL AND PROFESSIONAL ELECTRONIC DEVICES FOR FORENSIC IMAGING WITHOUT ISSUING A PROTECTIVE ORDER (AND DENYING APPELLANTS' MOTION FOR ONE) AND INSTITUTING PROCEDURAL SAFEGUARDS THAT ADEQUATELY PROTECT APPELLANTS' ELECTRONICALLY STORED PRIVATE, PROPRIETARY, PRIVILEGED AND CONFIDENTIAL DOCUMENTS AND INFORMATION.  [JANUARY 18, 2012 ORDER.]

{¶18} "IV.  THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ISSUING A DISCOVERY ORDER THAT COMPELS NON-PARTIES TO RESPOND TO UNDULY BURDENSOME, OVERLY BROAD SUBPOENAS THAT, ON THEIR FACE, SEEK VOLUMINOUS MATERIALS, INCLUDING THOSE THAT HAVE NO

RELEVANCE TO PLAINTIFF-APPELLEE'S PENDING CLAIMS. [JANUARY 18, 2012 ORDER.]

{¶19} "V. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ISSUING A DISCOVERY ORDER THAT COMPELS NON-PARTIES TO RESPOND TO OVERLY BROAD, UNDULY BURDENSOME SUBPOENAS THAT FAIL TO ALLOW APPELLANTS A REASONABLE TIME TO RESPOND, SHIFT SUBSTANTIAL COSTS AND EXPENSES ONTO APPELLANTS, AND IMPOSE ON APPELLANTS SIGNIFICANT INCONVENIENCE, INTRUSION, AND DISRUPTION OF THEIR PERSONAL AND PROFESSIONAL AFFAIRS. [JANUARY 18, 2012 ORDER.]"

**ANALYSIS**

Final, Appealable Order

{¶20} Before addressing the merits of the Assignments of Error, we first address the threshold issue of whether the judgment appealed is a final, appealable order. The Ohio Constitution, Article IV, Section 3(B)(2) limits an appellate court's jurisdiction to the review of final judgments. For a judgment to be final and appealable, it must satisfy R.C. 2502.02, and, if applicable, Civ.R. 54(B). *Northeast Professional Home Care, Inc. v. Advantage Home Health Services, Inc.*, 188 Ohio App.3d 704, 2010-Ohio-1640, 936 N.E.2d 964, ¶ 14 (5th Dist.) citing *Hitchings v. Weese*, 77 Ohio St.3d 390, 674 N.E.2d 688 (1997).

{¶21} Ordinarily, a ruling on a discovery request is not a final, appealable order. *Northeast Professional Home Care, supra* at ¶ 30. R.C. 2505.02(A)(3) states that a "provisional remedy," a proceeding ancillary to an action including discovery of a privileged matter, can be a final, appealable order. To qualify as a final order, the

requirements of R.C. 2505.02(B)(4) are met if the order grants or denies a provisional remedy, the order both determines the action with respect to the provisional remedy and prevents a judgment in favor of the appealing party with respect to the provisional remedy, and the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment. *Id*. at ¶ 28. This Court held in *Northeast Professional Home Care, supra*, that an order resulting in the discovery of a confidential matter qualifies as a provisional remedy. *Id*. at ¶ 34 citing *Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763, ¶ 33 (10th Dist.).

{¶22} In the present case, Genovese argues the contents of the computers, computer hard drives, and cell phones requested by SPSI contain confidential information such as trade secrets. The term "provisional remedy" also encompasses "confidential" information such as trade secrets. *Northeast Professional Home Care, supra* at ¶ 32, citing *Armstrong v. Marusic*, 11th Dist. No. 2001-L-232, 2004-Ohio-2594.

{¶23} The Eighth and Tenth District Courts of Appeal have held that a denial of a motion to quash subpoenas served on a non-party is a final, appealable order. *Tisco Trading USA, Inc. v. Cleveland Metal Exchange, Ltd*., 8th Dist. No. 97114, 2012-Ohio-493, ¶ 5 citing *Munro v. Dargai,* 8th Dist. No. 54622, 1988 WL 36594 (Mar. 31, 1988), citing *Foor v. Huntington Natl. Bank,* 27 Ohio App.3d 76, 499 N.E.2d 1297 (10th Dist.1986).

{¶24} Based on the above, we find the January 18, 2012 order granting SPSI's motion to compel and denying Genovese's motion to quash and for protective order is a final, appealable order.

## II. and III.

{¶25} For ease of discussion, we first address Genovese's second and third Assignments of Error. Genovese argues in the second and third Assignments of Error that the trial court improperly ordered Genovese to submit his computers, computer hard drives, and cell phones to forensic imaging by SPSI. We agree.

Forensic Imaging and the *Bennett* Procedure

{¶26} The Ohio Rules of Civil Procedure allow for liberal discovery. Pursuant to Civ.R. 26(B)(1), the scope of discovery includes " * * * any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *." Civ.R. 45 allows subpoenas to be issued to non-parties. However, the court shall grant a motion to quash a subpoena if it, "(b) Requires disclosure of privileged or otherwise protected matter and no exception or waiver applies; [or] (d) Subjects a person to undue burden." Civ.R. 45(C)(3).

{¶27} In the regulation of discovery, the trial court has discretionary power and its decisions will not be overturned absent an abuse of that discretion. *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 592, 664 N.E.2d 1272 (1996); *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 57, 295 N.E.2d 659 (1973). An appellate court reviews a claimed error relating to a discovery matter under an abuse-of-discretion standard. *Lightbody v. Rust*, 137 Ohio App.3d 658, 663, 739 N.E.2d 840 (8th Dist. 2000); *Trangle v. Rojas*, 150 Ohio App.3d 549, 2002–Ohio–6510 (8th Dist.). Under this standard, reversal is warranted only where the trial court's attitude was arbitrary,

unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶28} Genovese argues that before a trial court can order forensic imaging of a computer's hard drive, the trial court must engage in a two-part analysis to determine whether forensic imaging is warranted. "Forensic imaging" of a hard drive " 'replicates bit for bit, sector for sector, all allocated and unallocated space, including slack space, on a computer hard drive.'" *Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763, ¶ 40 (10th Dist.).

{¶29} In *Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763 (10th Dist.), the Tenth District Court of Appeals reviewed a trial court's discovery order permitting forensic imaging of a party's computer hard drives. The court first reviewed the impact of forensic imaging. "Generally, courts are reluctant to compel forensic imaging, largely due to the risk that the imaging will improperly expose privileged and confidential material contained on the hard drive." *Id.* at ¶ 40. In order to guard against undue intrusiveness to a party's privacy and confidentiality the *Bennett* court established a two-part procedure to determine whether forensic imaging is warranted, as opposed to other discovery procedures. *Id.*

*Part One: Balancing*

{¶30} The trial court must first weigh the parties' interests in obtaining the discovery against privacy concerns:

> Thus, before compelling forensic imaging, a court must weigh "the significant privacy and confidentiality concerns" inherent in imaging against the utility or necessity of the imaging. *John B. v. Goetz* (C.A.6,

2008), 531 F.3d 448, 460; *Covad Communications Co. v. Revonet, Inc.* (D.D.C.2009), 258 F.R.D. 5, 11. In determining whether the particular circumstances justify forensic imaging, a court must consider whether the responding party has withheld requested information, whether the responding party is unable or unwilling to search for the requested information, and the extent to which the responding party has complied with discovery requests. *Henderson v. U.S. Bank, N.A.* (Apr. 29, 2009), E.D.Wis. No. 08C0839, 2009 WL 1152019, at *2; *Bianco v. GMAC Mtge. Corp.* (Oct. 22, 2008), E.D.Pa. No. 07–4650, 2008 WL 4661241, at *2; *Williams v. Mass. Mut. Life Ins. Co.* (D.Mass.2005), 226 F.R.D. 144, 146. When a requesting party demonstrates either discrepancies in a response to a discovery request or the responding party's failure to produce requested information, the scales tip in favor of compelling forensic imaging. *White v. Graceland College Ctr. for Professional Dev. & Lifelong Learning, Inc.* (Mar. 18, 2009), D.Kan. No. 07–2319–CM, 2009 WL 722056, at *7; *Diepenhorst v. Battle Creek* (June 30, 2006), W.D.Mich. No. 1:05–CV–734, 2006 WL 1851243, at *3; *In re Weekley Homes, L.P.* (2009), 52 Tex. Sup.Ct. J. 1231, 295 S.W.3d 309. See also *In re Ford Motor Co.* (C.A.11, 2003), 345 F.3d 1315, 1317 (denying the requesting party direct access to the responding party's computer systems without a factual finding of some noncompliance with discovery rules).

*Bennett, supra* at ¶ 41.

{¶31} The Twelfth District Court of Appeals analyzed the first step as not requiring a demonstration of a single discovery violation or periodic discrepancies in discovery responses, but rather the party requesting forensic analysis must make a demonstration of a "background of noncompliance." *Nithiananthan v. Toirac*, 12th Dist. No. CA2011-09-098, 2012-Ohio-431, ¶9. "[I]t is not our intent to issue a ruling that encourages litigants to create discovery difficulties just so they can seek an order to tromp through the opposing parties' electronically stored garden. * * * In *Bennett,* the court noted that the discovery period was wrought with violations by the defendants. Bennett was forced to file numerous motions to compel, and the trial court's orders to comply with discovery requests went unheeded time and again. The defendants were also untruthful regarding what had and had not been produced, and when they did produce documents, defendants adopted a 'lackadaisical and dilatory approach.' *Id.* at ¶ 42." *Nithiananthan, supra* at ¶ 9-10.

{¶32} The *Bennett* court determined that after applying the balancing factors, the trial court properly ordered forensic imaging as a discovery sanction because of the defendants' history of continuous and blatant discovery violations. The court found the discovery violations outweighed the intrusiveness of forensic imaging.

{¶33} In the present case, the record does not present such a history of discovery violations between Genovese and SPSI. SPSI filed a motion to compel the electronic records of Genovese on October 5, 2011. SPSI withdrew the motion to compel on October 19, 2011. On November 7, 2011, SPSI filed an amended notice to take Genovese's deposition that included a duces tecum request that Genovese bring the electronic devices listed in "Exhibit A," referenced above. Due to other discovery

issues, SPSI did not pursue the November 2011 deposition with Genovese. SPSI filed a second Amended Notice of Deposition of Genovese with Exhibit A on January 5, 2012. The deposition was to be held on January 16, 2012. Genovese filed a motion to quash and protective order on January 17, 2012. SPSI filed a motion to compel on January 17, 2012. The history of discovery between these parties does not rise to level of sanctionable discovery conduct as found in *Bennett,* thereby necessitating forensic imaging as opposed to other discovery avenues.

{¶34} In denying the motion to quash and granting the motion to compel forensic imaging, the January 18, 2012 judgment entry is silent as to whether it considered the discovery record of this case and the balancing factors of *Bennett.*

*Part Two: Protection*

{¶35} The second part of the *Bennett* analysis requires the trial court to protect the party's confidential information, even if the party's misconduct in discovery makes forensic imaging appropriate. *Bennett, supra* at ¶ 47. In order to protect confidential information, as well as preserve any private and privileged information, the *Bennett* court directed the trial court to set forth a protective protocol to ensure forensic imaging was not unduly intrusive. *Nithiananthan, supra* at ¶ 19.

> The failure to produce discovery as requested or ordered will rarely warrant unfettered access to a party's computer system. *Bank of Mongolia v. M & P Global Fin. Servs., Inc.* (S.D.Fla.2009), 258 F.R.D. 514, 521. Instead, courts adopt a protocol whereby an independent computer expert, subject to a confidentiality order, creates a forensic image of the computer system. The expert then retrieves any responsive files

(including deleted files) from the forensic image, normally using search terms submitted by the plaintiff. The defendant's counsel reviews the responsive files for privilege, creates a privilege log, and turns over the nonprivileged files and privilege log to the plaintiff. See, e.g., id. at 520–521; *Am. Family Mut. Ins. Co. v. Gustafson* (Mar. 10, 2009), D.Colo. No. 08–cv–02772–MSK–MJW, 2009 WL 641297, at \*3–4; *Frees,* 2007 WL 184889, at \*3–4; *Ameriwood Industries, Inc. v. Liberman* (Dec. 27, 2006), E.D.Mo. No. 4:06CV524–DJS, 2006 WL 3825291, at \*5–6, amended on clarification (Feb. 23, 2007), 2007 WL 685623, at \*1–2. See also *Koosharem Corp. v. Spec Personnel, L.L.C.* (Sept. 29, 2008), D.S.C. No. 6:08–583–HFF–WMC, 2008 WL 4458864, at \*2–4 (allowing defendants also to withhold personal e-mail); *Cenveo Corp. v. Slater* (Jan. 31, 2007), E.D.Pa. No. 06–CV–2632, 2007 WL 442387, at \*2–3 (ordering the expert to retrieve all files from the forensic image, not just those responsive to search terms).

*Bennett, supra* at ¶ 47.

{¶36} In this case, the January 18, 2012 judgment entry permitted unfettered forensic imaging of Genovese's electronic devices; and contained none of the *Bennett* protections required to conduct such forensic analysis. Based on this, we reverse the January 18, 2012 judgment entry of the trial court and remand the matter for further consideration consistent with *Bennett*. Genovese's second and third Assignments of Error are sustained.

## I.

{¶37} Genovese argues in his first Assignment of Error that the trial court abused its discretion in compelling Genovese to submit to forensic imaging of his electronic devices without first requiring SPSI to demonstrate why paper production of the records was insufficient.

{¶38} Based on our analysis of Genovese's second and third Assignments of Error, we sustain the first Assignment of Error. As stated above, the trial court abuses its discretion when it permits forensic imaging of electronic devices without first a showing that there has been a background of noncompliance with discovery and the need for forensic imaging outweighs the party's privacy interests. *Bennett, supra*.

{¶39} Genovese's first Assignment of Error is sustained.

## IV. and V.

{¶40} Genovese contends in his fourth Assignment of Error that the trial court abused its discretion in granting unduly burdensome and overly broad discovery with its January 18, 2012 judgment entry. The fifth Assignment of Error states that the January 18, 2012 judgment entry is unduly burdensome in that it does not permit Genovese sufficient time to respond, shifts substantial costs to Genovese, and imposes significant inconvenience onto Genovese.

{¶41} Based on our ruling on the second and third Assignments of Error, we find the fourth and fifth Assignments of Error to be moot.

## CONCLUSION

{¶42} Non-Party Appellants Ronald Genovese and Biz Sales Co. argue in their appeal the trial court abused its discretion in ordering Genovese submit its electronic

devices to forensic imaging by SPSI without first considering the factors listed in *Bennett.* We agree.

{¶43} For the reasons stated herein, we sustain Genovese's first, second, and third Assignments of Error and reverse the January 18, 2012 judgment entry. The matter is remanded to the trial court for further consideration consistent with this opinion and law.

{¶44} The judgment of the Stark County Court of Common Pleas is reversed and remanded.

By: Delaney, P.J.

Wise, J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

PAD:kgb

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

SCOTT PROCESS SYSTEMS, INC.          :
                                     :
                                     :
                                     :
     Plaintiff-Appellee              :
                                     :
-vs-                                 :     JUDGMENT ENTRY

SCOTT A. MITCHELL, ET AL.          :     Case No.    2012CA00021
                                   :
                                   :
    Defendants-Appellees           :
                                   :
-vs-                               :
                                   :
BIZ SALES CO. AND RONALD           :
GENOVESE                           :
                                   :
    Non-Parties-Appellants         :

    For the reasons stated in our accompanying Opinion on file, the judgment of the

Stark County Court of Common Pleas is reversed and remanded for further

consideration consistent with this opinion and law.    Costs assessed to Plaintiff-

Appellee.


_____
 HON. PATRICIA A. DELANEY


_____
 HON. JOHN W. WISE


_____
 HON. JULIE A. EDWARDS