[Cite as *Fasteners For Retail, Inc. v. DeJohn*, 2014-Ohio-1729.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100333

# FASTENERS FOR RETAIL, INC.

### PLAINTIFF-APPELLEE

vs.

# MICHAEL A. DEJOHN, ET AL.

### DEFENDANTS-APPELLANTS

## JUDGMENT:
### REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-786894

**BEFORE:** Kilbane, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 24, 2014

**ATTORNEY FOR APPELLANTS**

John F. Burke
Burkes Law, L.L.C.
614 West Superior Ave.
Rockefeller Bldg., Suite 1500
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Charna E. Sherman
Charna E. Sherman Law Offices
5310 Key Tower
127 Public Square
Cleveland, Ohio 44114

F. Benjamin Riek, III
Emershaw, Mushkat & Schneier
120 E. Mill Street, Suite 437
Akron, Ohio 44308

MARY EILEEN KILBANE, J.:

{¶1} In this appeal, defendants-appellants, Michael DeJohn ("DeJohn") and Daniel Kump ("Kump"),[1] appeal from the trial court's order compelling them to produce their computer hard drives for forensic imaging[2] in litigation filed by plaintiff-appellee, Fasteners for Retail ("FFR").

{¶2} Having reviewed the record and the controlling case law, we reverse and remand the matter for further proceedings consistent with this opinion.

{¶3} This appeal arises from a lawsuit filed by FFR in an unrelated matter in the United States District Court for the Northern District of Illinios. *See Fasteners for Retail v. Anderson*, N.D.Ill. No. 11 C 2164, 2011 U.S. Dist. LEXIS 124937 (Oct. 28, 2011). FFR, a company engaged in selling products used in retail shelving displays, brought suit against K International ("KI") and Gerald Andersen alleging patent infringement, false advertising, misappropriation of trade secrets, and other claims. KI filed a counterclaim, alleging false patent marking and other claims. During the course of the Illinois litigation, FFR learned that DeJohn, who had worked as FFR's vice president in charge of sales until his termination on March 12, 2008, performed consulting work for KI. FFR also learned that Kump, who had worked as FFR's vice president for new market

---

[1] This appeal was previously consolidated with 8th Dist. Cuyahoga No. 100336, an appeal from the same discovery order filed by defendant Bruce Hrvatin ("Hrvatin"). On March 6, 2014, however, this court granted Hrvatin's motion to dismiss his appeal.

[2] On September 10, 2013, this court determined that the discovery order is final and appealable under R.C. 2505.02(B)(4).

development until his termination on October 24, 2009, also performed consulting work for KI.

{¶4} Subsequently, on July 12, 2012, FFR filed suit against DeJohn and Kump in the Cuyahoga County Common Pleas Court. In relevant part, FFR alleged that DeJohn and Kump had breached the confidentiality and nondisclosure provisions of their employment agreements, misappropriated trade secrets, and engaged in unfair competition; Kump breached his noncompete agreements; and DeJohn tortiously interfered with Kump's contract with FFR. DeJohn and Kump filed answers denying liability and also filed counterclaims asserting breach of contract, abuse of process, and unfair competition.

{¶5} In October 2012, FFR sought discovery from defendants; however, defendants did not fully comply with FFR's request. As a result, on December 7, 2012, FFR filed a motion to compel in which it complained that DeJohn and Kump filed incomplete responses to a number of interrogatories. In the motion, FFR stated that DeJohn and Kump objected to the discovery request because it was overbroad, indicated overall that they had no list of FFR customers, and argued that neither individual had disclosed FFR's confidential information.

{¶6} In response, DeJohn and Kump moved to strike the motion to compel because it was not signed by counsel. Defendants also asserted that the response "may exceed 20,000 names. Moreover, plaintiff is fully aware of its customers and this defendant has no documentation containing any such customers' names." In addition, on

December 7, 2012, defendants filed their own motion to compel FFR to comply with discovery, seeking the nature of the confidential information they had allegedly disclosed to KI. In this motion, defendants complained that FFR had "failed to respond to nearly all of [their] interrogatories and had failed to produce a single document in response to the Request for Production of Documents."

{¶7} On December 26, 2012, FFR moved for a protective order governing use of confidential information and apprised the court that the parties "have failed to reach agreement on terms of a stipulated protective order creating a standstill in discovery."

{¶8} The same day, FFR also filed a motion for electronic discovery, asserting that the parties "have been unable to agree upon the parameters of discovery." FFR proposed that defendants produce "any relevant computer hard drives and electronic media" for FFR's review, and from that review a list of search terms would be derived. Upon completion of defendants' discovery, FFR would "produce pursuant to a protective order a subset of documents concerning the information FFR contends constitutes Confidential Information." In opposition, defendants asserted that it would be unfair to order defendants to provide discovery to FFR before FFR provided any discovery to defendants. Defendants complained that FFR had not provided them with discovery and that FFR had already received extensive electronic discovery in the Illinois litigation.

{¶9} On March 26, 2013, the trial court granted defendants' motion to compel discovery responses and also granted FFR's motion to compel discovery and for sanctions.

**{¶10}** On March 27, 2013, FFR filed an amended complaint with leave of court. In relevant part, this pleading added Hrvatin and KI as new party defendants and alleged that DeJohn, Kump, and Hrvatin breached their employment agreements, misappropriated trade secrets, and engaged in unfair competition; that DeJohn tortiously interfered with Kump's employment; and that Kump and DeJohn fraudulently induced FFR to enter into severance agreements.

**{¶11}** On May 31, 2013, following a pretrial, the trial court ordered, in relevant part, that FFR "produce 20 gigs of documents" "for attorney's eyes only," and identify those documents that would notify the defendants of the basis of their alleged disclosure of trade secrets. The trial court also ordered defendants to produce all outstanding discovery "for attorney's eyes only."

**{¶12}** On July 9, 2013, FFR filed another motion to compel and for sanctions, complaining that Hrvatin had indicated in response to a motion for production of documents that "[t]here are no documents that satisfy this request," and that documents FFR obtained in the Illinois litigation and Hrvatin's other discovery responses refuted that contention.

**{¶13}** On July 12, 2013, FFR filed a motion to compel defendants to comply with discovery and for production of their computer hard drives. FFR asserted that defendants have "engaged in knowingly evasive and even perjured testimony, and potentially even the spoliation of critical evidence." In support of this motion, FFR asserted that there are "mounting signs" that "[d]efendants purposely destroyed relevant

electronic information."  FFR asserted that DeJohn stated that he experienced computer problems that prevented him from retrieving all of his emails, and that Kump had the hard drive on one of his computers replaced one day before this matter was filed.  FFR also asserted that DeJohn wrote "Hello men" on a number of emails with two recipients who are employees of FFR, but "FFR has received more of the chain," thus suggesting that a larger email chain existed.  FFR also submitted evidence that its expert, Mark Lanterman, had developed an electronic discovery protocol that has successfully been used by attorneys for years.

{¶14}  In opposition, defendants asserted that FFR should not be given unfettered access to their computers since FFR already had access to all of the email sent to FFR from its own servers, in addition to all of the information obtained in the Illinois litigation.  Moreover, defendants argued, FFR had not shown that the defendants revealed any confidential information.

{¶15}  On August 8, 2013, FFR filed a motion for an extension of time to respond to defendants' requests for discovery.  The next day, on August 9, 2013, the trial court issued the following order:

> Defendants Kump, DeJohn, and Hrvatin are hereby ordered to produce electronic discovery and the computer hard drives by 9/3/13.

> All parties are to answer all interrogatories served on them by opposing counsel.

**{¶16}** Defendants appealed from that order on August 30, 2013. On September 10, 2013, this court determined the order to be final and appealable under R.C. 2505.02(B)(4), and concluded in relevant part:

> To the extent the order requires disclosure of such matter, it determines the action with respect to a provisional remedy and prevents a judgment in appellant's favor with respect to the discovery. *Bennett v. Martin*, 186 Ohio App.3d 412, 2009-Ohio-294, [928 N.E.2d 763,] ¶ 35 [(10th Dist.)]. An appeal following a final judgment would not be an effective remedy for the disclosure of privileged and/or confidential information.

**{¶17}** DeJohn and Kump assign the following errors for our review:

I. The trial court erred because its order compels production of irrelevant, privileged and confidential information and imposes an undue burden on Appellants.

II. The trial court erred in ordering forensic imaging of Appellants' computer hard drives because Appellee failed to demonstrate what it must [do] to warrant that degree of intrusion, disruption, and invasion.

III. The trial court erred in issuing the discovery order because it fails to include any protocols and procedures and because it fails to adequately protect Appellants' privileged and confidential electronically-stored information.

### Standard of Review

**{¶18}** Pursuant to Civ.R. 26(B)(1), the scope of discovery is as follows:

[A]ny matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party[.]

{¶19} An appellate court reviews a claimed error relating to a discovery matter under an abuse of discretion standard. *Lightbody v. Rust*, 137 Ohio App.3d 658, 663, 739 N.E.2d 840 (8th Dist.2000); *Trangle v. Rojas*, 150 Ohio App.3d 549, 2002-Ohio-6510, 782 N.E.2d 617 (8th Dist.).

{¶20} Further, if forensic imaging is imposed as a sanction under Civ.R. 37(B), it is likewise to be reviewed under an abuse of discretion standard. *Bennett*, 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763, ¶ 40.

## Order for Production of the Computer Hard Drives

**{¶21}** In this matter, the trial court ordered defendants to produce their computer hard drives for discovery. Forensic imaging of a computer's hard drive creates a mirror image that replicates bit for bit, sector for sector, all information on the hard drive, including embedded, residual, and deleted data. *Id.* The *Bennett* court noted that courts are generally reluctant to compel such forensic imaging of a hard drive "largely due to the risk that the imaging will improperly expose privileged and confidential material contained on the hard drive." *Id.* For that reason, and in order to guard against undue intrusiveness to a party's privacy and confidentiality, the *Bennett* court established a two-part procedure to determine whether forensic imaging is warranted, as opposed to other discovery procedures. *Id.* First, the trial court must weigh the parties' interests in obtaining the discovery against privacy concerns. Second, the trial court must set forth a protective protocol to ensure forensic imaging is not unduly intrusive. *Id.*; *Nithiananthan v. Toirac*, 12th Dist. Warren No. CA2011-09-098, 2012-Ohio-431, ¶ 9.

### 1. Weighing of Interests in Discovery Versus Privacy

**{¶22}** In their first and second assignments of error, DeJohn and Kump assert that the trial court did not follow the first part of the procedure outlined in *Bennett,* 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763. Defendants argue that the trial court did not weigh FFR's interests in obtaining discovery versus the defendants' competing interests in privacy and confidentiality, and that the record did not establish the requisite background of noncompliance with discovery.

**{¶23}** With regard to the first part of the procedure, the *Bennett* court began by cautioning against undue intrusiveness. *Id*. at ¶ 41. The court then observed that the plaintiff was forced to file numerous motions to compel, the defendants did not comply with the court's orders to comply with discovery requests, the defendants were untruthful regarding what had and had not been produced, and the defendants had adopted a "lackadaisical and dilatory approach." *Id*. at ¶ 42.

**{¶24}** The *Bennett* court stated:

> Thus, before compelling forensic imaging, a court must weigh "the significant privacy and confidentiality concerns" inherent in imaging against the utility or necessity of the imaging. * * * In determining whether the particular circumstances justify forensic imaging, a court must consider whether the responding party has withheld requested information, whether the responding party is unable or unwilling to search for the requested information, and the extent to which the responding party has complied with discovery requests. * * * When a requesting party demonstrates either discrepancies in a response to a discovery request or the responding party's failure to produce requested information, the scales tip in favor of compelling forensic imaging.

(Citations omitted.) *Id.* at ¶ 41. *See also Nithiananthan,* 12th Dist. Warren No. CA2011-09-098, 2012-Ohio-431*,* at ¶ 9 (the party requesting forensic imaging must demonstrate a "background of noncompliance" with discovery under part one of the *Bennett* framework).

**{¶25}** We also observe that federal courts are likewise

> "loathe to sanction intrusive examination of an opponent's computer as a matter of course, or on the mere suspicion that the opponent may be withholding discoverable information. Such conduct is always a possibility in any case, but the courts have not allowed the requesting party to intrude upon the premises of the responding party just to address the bare possibility of discovery misconduct."

*Scotts Co., L.L.C. v. Liberty Mut. Ins. Co.*, S.D.Ohio No. 3:06-CV-899, 2007 U.S. Dist. LEXIS 43005, at *4-5 (June 12, 2007), quoting *Diepenhorst v. Battle Creek*, W.D. Mich. No. 1:05-CV-734, 2006 U.S. Dist. LEXIS 48551, *10-11 (June 30, 2006).

**{¶26}** In *Bennett*, the court outlined the following examples of situations where imaging was warranted:

> *Playboy Enters.* [*v. Welles*], 60 F.Supp.2d 1050, 1054 [(S.D.Cal. 1999)] (allowing access to party's computer system on a finding of systematic deletion of relevant e-mails after litigation had commenced). *See, e.g., Williams v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 144, 146 (D.Mass. 2005) (denying motion to appoint computer forensic expert because moving party failed to present any "credible evidence that Defendants are unwilling to produce computer-generated documents"); *Bethea v. Comcast*, 218 F.R.D. 328, 329-30 (D.D.C. 2003) (denying motion to compel because, "[i]n the context of computer systems and computer records, inspection or seizure is not permitted unless the moving party can demonstrate that the documents they seek to compel do, in fact, exist and are being unlawfully withheld"); *Simon Prop. Group L.P. v. Simon, Inc.*, 194 F.R.D. 639, 641 (S.D.Ind. 2000) (allowing plaintiff to inspect defendant's computer system because plaintiff demonstrated "troubling discrepancies with respect to defendant's document production"); *Ameriwood Indus., Inc. v. Liberman*, Case No. 4:06CV524-DJS, 2006 U.S. Dist. LEXIS 93380, 2006 WL 3825291, *1

(E.D.Mo. Dec. 27, 2006) (unpublished) (granting motion to compel imaging of defendant's hard drive because the court had "cause to question whether defendants have produced all responsive documents"); *Balboa Threadworks, Inc. v. Stucky*, Case No. 05-1157-JTM-DWB, 2006 U.S. Dist. LEXIS 29265, 2006 WL 763668, at *4 (D.Kan. Mar. 24, 2006) (unpublished) (permitting imaging of defendants' computer where defendants' representation that no responsive materials existed on computer was contradicted by their production of e-mail created on that computer).

**{¶27}** Applying the first portion of the *Bennett* procedure, the court in *Scott Process Sys. v. Mitchell*, 5th Dist. Stark No. 2012CA00021, 2012-Ohio-5971, concluded that the trial court abused its discretion by permitting forensic imaging of electronic devices without first requiring the requesting party to show that there had been a background of noncompliance with discovery. *Id*. at ¶ 38. *Accord Nithiananthan,* 12th Dist. Warren No. CA2011-09-098, 2012-Ohio-431, at ¶ 9. The *Scott Process Sys.* court also concluded that the order for forensic imaging was erroneous where the requesting party failed to demonstrate that paper production of the records was insufficient or that the requesting party's need for forensic imaging outweighed the party's privacy interests. *Id.* at ¶ 37-38; *see also Nithiananthan*   at ¶ 18.

**{¶28}** In this matter, the record does not demonstrate the requisite showing of defendants' noncompliance with discovery as mandated under the first portion of the *Bennett* procedure. The record demonstrates that FFR was noncompliant with

defendants' request for production of documents during the course of litigation. FFR also conceded that the parties "failed to reach agreement on terms of a stipulated protective order creating a standstill in discovery." In addition, FFR sought detailed electronic discovery as early as October 2012, or prior to its filing of any motion to compel discovery. Moreover, under FFR's proposal, defendants would produce "any relevant computer hard drives and electronic media" for FFR's review, then upon defendants' compliance, FFR would "produce pursuant to a protective order a subset of documents[.]" At this time, however, there is no evidence in the record that FFR has fully complied with discovery, and FFR has already received extensive records from the Illinois litigation.

{¶29} We acknowledge that FFR sought and obtained a motion to compel discovery and for sanctions on March 26, 2013, but following that order, FFR filed an amended complaint with new allegations and obtained additional discovery on May 30, 2013. The record does not demonstrate that the documents FFR sought were being unlawfully withheld and not available from FFR's own information or other sources. Viewing the record as a whole, the showing required under the first portion of the *Bennett* analysis has not been met.

{¶30} Therefore, DeJohn and Kump's first and second assignments of error are well taken.

## 2. Protective Protocol

**{¶31}** DeJohn and Kump's third assignment of error asserts that the trial court did not require the protocol for discovery required under the *Bennett* framework.

**{¶32}** With regard to the second part of the procedure, the *Bennett* court clearly held that "the failure to produce discovery as requested or ordered will rarely warrant unfettered access to a party's computer system," and that "a court must protect the defendant's confidential information, as well as preserve any private and privileged information." *Id.*, 186 Ohio App.3d 412, 2009-Ohio-6195, 928 N.E.2d 763, at ¶ 47. The *Bennett* court then outlined a protocol for discovery:

> [A]n independent computer expert, subject to a confidentiality order, creates a forensic image of the computer system. The expert then retrieves any responsive files (including deleted files) from the forensic image, normally using search terms submitted by the plaintiff. The defendant's counsel reviews the responsive files for privilege, creates a privilege log, and turns over the nonprivileged files and privilege log to the plaintiff.

(Citations omitted.) *Id.* at ¶ 47. Similarly, in *Nithiananthan*, 12th Dist. Warren No. CA2011-09-098, 2012-Ohio-431, the court held that at minimum, an appropriate protocol requires that an independent computer expert, subject to a confidentiality order, creates a forensic image of the computer system. *Id*. at ¶ 20. The expert then retrieves any responsive files (including deleted files) from the forensic image, normally using search terms submitted by the plaintiff. The defendant's counsel reviews the responsive files for privilege, creates a privilege log, and turns over the nonprivileged files and privilege log to the plaintiff.

**{¶33}** Under the second portion of the *Bennett* procedure, a trial court abuses its discretion when its judgment entry permits unfettered forensic imaging of a party's electronic devices, and contains none of the *Bennett* protections required to conduct such

forensic analysis. *Scott Process Sys.,* 5th Dist. Stark No. 2012CA00021, 2012-Ohio-5971, at ¶ 36.

{¶34} In this matter, the record does not contain the protective protocol required under *Bennett.* Therefore, DeJohn and Kump's third assignment of error is well taken. The trial court abused its discretion in ordering forensic imaging of appellants' computer hard drives.

{¶35} Accordingly, the judgment is reversed and remanded for further proceedings consistent with this opinion.

It is ordered that appellants recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR